| | |
|---|---|
| KAREN C. RONCONE and RICHARD RONCONE,     ) <br> ) <br> ) <br> Plaintiffs,   ) <br> ) <br> v.   ) <br> ) <br> BRENT C. HAZZARD, GARTH P. HUDSON, individually and d/b/a OVER THE LINE CHARTERS,   ) <br> ) <br> ) <br> ) <br> Defendants.   ) <br> ) | Civil No. 2017-43 |

ATTORNEYS:

**Terri L. Griffiths**
St. Thomas, U.S.V.I.
    *For Karen C. Roncone and Richard Roncone,*

**Matthew J. Duensing**
Stryker, Duensing, Casner & Dollison
St Thomas, U.S.V.I.
    *For Brent C. Hazzard, and Garth P. Hudson, individually and d/b/a Over the Line Charters.*

<u>ORDER</u>

**GÓMEZ, J.**

In or around February 2015, Karen C. Roncone ("Roncone") and her husband, Richard Roncone (collectively the "Roncones") chartered a boat, *Over the Line*, through Garth P. Hudson ("Hudson"). The charter was for a day trip to various beaches on Water Island and St. Thomas. *Over the Line* is owned by Over the Line V.I., LLC. Hudson is the managing member of Over the Line V.I., LLC.

On February 27, 2015, the Roncones boarded *Over the Line* at the Saga Haven Marina in St. Thomas ("Saga Haven"). On that day, Brent C. Hazzard ("Hazzard") was the captain onboard *Over the Line*.

During the day trip, *Over the Line* travelled between several beaches. While travelling from the last beach to return to Saga Haven, *Over the Line* travelled through waves. At some time during the return trip to Saga Haven, Roncone became airborne. When Roncone landed on the boat, she injured her back.

Sometime thereafter, *Over the Line* reached Saga Haven. Roncone sought medical attention with Ambulatory Care in St. Thomas. A doctor advised that she should see her doctor in New York.

Sometime thereafter, Roncone's doctor in New York ordered an MRI. The results of the MRI evidenced a fractured vertebra and two ruptured discs.

On February 23, 2017, the Roncones brought an action in this Court. In their complaint, the Roncones allege causes of action for negligence, gross negligence, duty to warn and protect, and loss of consortium against both Hazzard and Hudson. The Roncones also demand a jury trial.

Hudson and Hazzard filed an answer to the Roncones' complaint. Hazzard and Hudson and are represented by the same

attorneys in this matter. Hazzard and Hudson each argue that Hazzard was an independent contractor.

Rule 1.3 of the American Bar Association's Model Rules of Professional Conduct provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." The Preamble to the Model Rules states that "[a]s advocate, a lawyer zealously asserts the client's position under the rules of the adversary system."

Furthermore, Rule 1.7(a) of the American Bar Association's Model Rules of Professional Conduct provides,

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by

the lawyer in the same litigation or other proceeding
before a tribunal; and

(4) each affected client gives informed consent, confirmed
in writing.

American Bar Association's Model Rules of Professional Conduct,

Rule 1.7.

[A] lawyer asked to represent several individuals … is
likely to be materially limited in the lawyer's ability to
recommend or advocate all possible positions that each
might take because of the lawyer's duty of loyalty to the
others. The conflict in effect forecloses alternatives that
would otherwise be available to the client. The mere
possibility of subsequent harm does not itself require
disclosure and consent. The critical questions are the
likelihood that a difference in interests will eventuate
and, if it does, whether it will materially interfere with
the lawyer's independent professional judgment in
considering alternatives or foreclose courses of action
that reasonably should be pursued on behalf of the client.

Rule 1.7 (comment 8)(emphasis added).

"[S]imultaneous representation of parties whose interests

in litigation may conflict, such as coplaintiffs or

codefendants, is governed by paragraph (a)(2). A conflict may

exist by reason of substantial discrepancy in the parties'

testimony, incompatibility in positions in relation to an

opposing party or the fact that there are substantially

different possibilities of settlement of the claims or

liabilities in question." *Id.* (comment 23).

The premises considered, it is hereby

**ORDERED** that, no later than 3:00 p.m. on Friday, February 8, 2019, Brent C. Hazzard and Garth P. Hudson, shall each file a brief, with citations to appropriate authority, addressing: (1) whether any conflict exists between Brent C. Hazzard and Garth P. Hudson; and (2) to the extent a conflict exists, what, if any, measures have been taken to address the conflict.


S\_____
                    **Curtis V. Gómez**
                    **District Judge**